SEYFARTH SHAW LLP
Heliane Fabian (SBN 361563)
hfabian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-3021

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASEN CHEATHAM,<br><br>            Plaintiff,<br><br>      v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>            Defendant. | Case No. 2:25-cv-11504-JLS-DFM<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND OTHER AFFIRMATIVE DEFENSES** |

Defendant EQUIFAX INFORMATION SERVICES LLC ("Equifax"), by and through its attorneys, hereby submits its Answer to Plaintiff's First Amended Complaint and Affirmative and Other Defenses, as follows:

## PRELIMINARY STATEMENT

Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326691997v.1

# ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

## I.    PARTIES

**COMPLAINT ¶1:**

Plaintiff Jasen Cheatham is a natural person residing in Los Angeles, California.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶2:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency within the meaning of 15 U.S.C. §168 1 a(f).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. Equifax denies the remaining allegations in this paragraph.

## II.    JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶4:**

Venue is proper under 28 U.S.C. §1391 because Plaintiff resides in this District and the events giving rise to these claims occurred here.

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326691997v.1

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

### III.   FACTUAL ALLEGATIONS

**COMPLAINT ¶5:**

Plaintiff is a victim of identity theft, as evidenced by an FTC Identity Theft Report (Exhibit B).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein. Certain allegations in this paragraph refer to a document, which speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the document referenced by this paragraph.

**COMPLAINT ¶6:**

Multiple fraudulent accounts were reported on Plaintiff's Equifax credit report, including accounts associated with Citi Cards and JPMCB.

**ANSWER:**

Equifax admits that, at times, Citicards CBNA and JPMCB Card Services have furnished information to it purportedly concerning Plaintiff. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Plaintiff did not open, authorize, or benefit from these accounts.

3

326691997v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶8:**

Plaintiff submitted disputes to Equifax, including identity theft documentation and supporting evidence.

**ANSWER:**

Equifax admits that it has received disputes from Plaintiff concerning the Citicards CBNA and JPMCB Card Services accounts, the contents of which speak for themselves. Equifax denies the allegations in this paragraph to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the disputes referenced by this paragraph.

**COMPLAINT ¶9:**

Equifax failed to block the fraudulent accounts within four business days as required under 15 U.S.C. §1681c-2.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶10:**

Equifax conducted superficial reinvestigations and continued reporting the fraudulent accounts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶11:**

Equifax relied solely on furnishers and failed to independently verify the accuracy of the disputed information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

4

326691997v.1

**COMPLAINT ¶12:**

Equifax refused to provide a proper Method of Verification ("MOV").

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶13:**

Plaintiff submitted multiple complaints to the Consumer Financial Protection Bureau, placing Equifax on actual notice of the inaccuracies.

**ANSWER:**

Equifax admits that it has received CFPB complaints submitted by Plaintiff concerning the Citicards CBNA and JPMCB Card Services accounts, the contents of which speak for themselves.

**COMPLAINT ¶14:**

Despite repeated notice, Equifax continued reporting inaccurate and fraudulent information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶15:**

As a direct result, Plaintiff suffered credit denials, financial harm, and emotional distress (see Exhibits C and D).

**ANSWER:**

Equifax denies the allegations in this paragraph. Certain allegations in this paragraph refer to documents, which speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the documents referenced by this paragraph.

IV.    **CAUSES OF ACTION**

**COUNT I – FAILURE TO CONDUCT REASONABLE REINVESTIGATION (15 U.S.C. §16811i**

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326691997v.1

**COMPLAINT ¶16:**

Plaintiff incorporates all prior paragraphs.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶17:**

Plaintiff notified Equifax of disputed information.

**ANSWER:**

Equifax admits that it has received disputes from Plaintiff concerning the Citicards CBNA and JPMCB Card Services accounts, the contents of which speak for themselves.

**COMPLAINT ¶18:**

The disputed information was inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶19:**

Equifax failed to conduct a reasonable reinvestigation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶20:**

Equifax relied solely on furnishers without independent verification.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶21:**

Equifax failed to review all relevant information provided.

**ANSWER:**

Equifax denies the allegations in this paragraph.

6

326691997v.1

**COMPLAINT ¶22:**

Equifax continued reporting inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶23:**

Plaintiff suffered damages as a direct result.

Case Law: Cushman v. Trans Union Corp., 115 F.3d 220 (3d Cir. 1997). Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COUNT II - FAILURE TO FOLLOW REASONABLE PROCEDURES (15 U.S.C. §1681e(b))**

**COMPLAINT ¶24:**

Equifax had a duty to assure maximum possible accuracy.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶25:**

Equifax reported false information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

7

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

326691997v.1

**COMPLAINT ¶26:**

Equifax failed to follow reasonable procedures.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶27:**

Plaintiff suffered damages.

Case Law: Guimond v. Trans Union Corp., 45 F.3d 1329 (9th Cir.1995).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COUNT III - FAILURE TO BLOCK IDENTITY THEFT INFORMATION (15 U.S.C. §1681c-2)**

**COMPLAINT ¶28:**

Plaintiff submitted a valid identity theft report.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶29:**

Equifax was required to block the information within four business days.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶30:**

Equifax failed to do so.

8

326691997v.1

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶31:**

Equifax continued reporting fraudulent accounts.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

Plaintiff suffered damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COUNT IV - WILLFUL NONCOMPLIANCE (15 U.S.C. §1681n)**

**COMPLAINT ¶33:**

Equifax knowingly and/or recklessly violated the FORA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶34:**

Equifax had actual notice through disputes and CFPB complaints.

**ANSWER:**

Equifax admits that it has received disputes and CFPB complaints submitted by Plaintiff concerning the Citicards CBNA and JPMCB Card Services accounts.

**COMPLAINT ¶35:**

Equifax continued reporting inaccurate information despite such notice.
Case Law: Safeco Ins. Co. v. Burr, 551 U.S. 47 (2007).

**ANSWER:**

Equifax denies the allegations in this paragraph. Equifax states that the case law referenced by this paragraph speaks for itself, and Equifax denies the allegations to the

9

326691997v.1

extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the case law referenced by this paragraph.

**COUNT V - NEGLIGENT NONCOMPLIANCE (15 U.S.C. §1681o)**

**COMPLAINT ¶36:**

Equifax acted negligently in failing to comply with the FCRA.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶37:**

Plaintiff suffered actual damages.

**ANSWER:**

Equifax denies the allegations in this paragraph.

## V. **DAMAGES**

**COMPLAINT ¶38:**

Plaintiff suffered:

- Credit denials exceeding $100,000
- Loss of financial opportunities
- Emotional distress supported by medical documentation
- Reputational harm

**ANSWER:**

Equifax denies the allegations in this paragraph.

## VI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.   Award actual damages;

2.   Award statutory damages;

3.   Award punitive damages;

4.   Order deletion of all inaccurate accounts;

5.   Award costs and fees;

10

326691997v.1

6. Grant any further relief the Court deems just and proper.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Equifax is not subject to general or specific jurisdiction in this Court as to the claims brought by Plaintiff against Equifax. Equifax is neither incorporated nor headquartered in California, and the conduct giving rise to Plaintiff's claims against Equifax occurred outside of California and was not targeted at California.

## SECOND DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax upon which relief can be granted.

## THIRD DEFENSE

At all relevant times herein, Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## FOURTH DEFENSE

Subject to proof through discovery, Plaintiff's causes of action are barred, in whole or in part, by the statute of limitations.

11

326691997v.1

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's First Amended Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action;

(3)    it recover such other and additional relief as the Court deems just and appropriate.


DATED: June 30, 2026                     Respectfully submitted,

                                          SEYFARTH SHAW LLP


                                          By:  /s/ Heliane Fabian
                                              Heliane Fabian
                                              *Counsel for Defendant*
                                              *Equifax Information Services LLC*

12

326691997v.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/Heliane Fabian
Heliane Fabian
*Counsel for Defendant*
*Equifax Information Services LLC*

CERTIFICATE OF SERVICE

326691997v.1